**Van Hook v Kohlberg Kravis Roberts & Co. L.P.**

2025 NY Slip Op 30102(U)

January 13, 2025

Supreme Court, New York County

Docket Number: Index No. 154809/2022

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**

_Justice_

PART **33M**

------------------------------------------------------------------X

JILL VAN HOOK,

Plaintiff,

- v -

KOHLBERG KRAVIS ROBERTS & CO. L.P., THE
RELATED COMPANIES INC.,ERY NORTH TOWER OB
DECK MEMBER LLC,KRE HYOD OWNER LLC,HY
ATTRACTIONS MANAGER LLC,

Defendant.

------------------------------------------------------------------X

INDEX NO. 154809/2022

MOTION DATE 04/16/2024

MOTION SEQ. NO. 003

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 74, 75, 76, 77, 78,
79, 80, 81, 82, 83, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102
were read on this motion to/for _____ SUMMARY JUDGMENT(AFTER JOINDER ____ .

Upon the foregoing documents, and after oral argument, which took place on September

10, 2024, where Daniel J. Niamehr, Esq. appeared for Plaintiff Jill Van Hook ("Plaintiff"), Cruz

Williams, Esq. appeared for Defendants The Related Companies Inc., ERY North Tower OB Deck

Member LLC, KRE HYOD Owner LLC, and HY Attractions Manager LLC (collectively "Moving

Defendants"), and Zachary Candelaria, Esq. appeared for Kohlberg Kravis Roberts & Co. L.P.,

the Moving Defendants' motion for summary judgment dismissing Plaintiff's Complaint is

granted in part and denied in part. Plaintiff's cross motion seeking summary judgment on liability

against KRE Hyod Owner LLC and HY Attractions Manager LLC is denied.

## I. Background

This action arises from Plaintiff's slip and fall downstairs on May 21, 2022. Plaintiff was

injured while walking down stairs at the "Edge" located at 30 Hudson Yards, New York, New

York (the "Premises"). According to Plaintiff, a security guard told her after she fell that he had

**154809/2022   VAN HOOK, JILL vs. KOHLBERG KRAVIS ROBERTS & CO. L.P. ET AL**
**Motion No.  003**

**Page 1 of 4**

1 of 4

[* 1]

notified maintenance to clean the stairs thirty minutes prior to her fall (*id.* at 38). Plaintiff testified that her clothing was visibly wet after her fall in the areas where her body hit the stairs (*id.* at 41, 45). Paramedics gave Plaintiff towels to dry herself off (*id.* at 47). Michael Gilbane, a senior vice president with Defendant The Related Companies Inc., testified that at the time of Plaintiff's accident, the Edge was owned by Defendant KRE HYOD Owner, LLC (NYSCEF Doc. 79 at 15). HY Attractions Manager LLC, the property manager, contracted with various third-party maintenance, janitorial, and security to carry out its duties on the Premises (*id.* at 102). The Moving Defendants now seek dismissal on various grounds. Plaintiff cross moves for summary judgment on the issue of liability.

## II. Discussion

### A. Standard

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

### B. Moving Defendants' Motion for Summary Judgment

The Moving Defendants' motion for summary judgment is granted only as to The Related Companies Inc. and ERY North Tower OB Deck Member LLC, as Plaintiff does not oppose dismissal of these entities. However, triable issues of fact remain as to the remaining defendants.

**154809/2022   VAN HOOK, JILL vs. KOHLBERG KRAVIS ROBERTS & CO. L.P. ET AL**          **Page 2 of 4**
**Motion No.  003**

2 of 4

Moving Defendants' argument that Plaintiff has not identified the cause of her fall is without merit, as she has stated there was a wet condition on the stairs which caused her to fall. Plaintiff also testified that a security guard allegedly instructed maintenance to clean the stairs thirty minutes before her fall. Viewing the facts in the light most favorable to the non-movant, this testimony is sufficient to identify the cause of Plaintiff's fall – namely a wet condition on the stairs (*see, e.g. Reyes v Latin American Pentecostal Church of God Inc.*, 181 AD3d 459 [1st Dept 2020] [plaintiff able to sufficiently identify alleged defect of slippery condition on stairs by testifying about "soaking" wet piece of cardboard at bottom of steps"]; *see also Rivera v Waterview Towers, Inc.*, 181 AD3d 844 [2d Dept 2020]). Moving Defendants have failed to meet their prima facie burden of showing an absence of notice as there is no testimony or record evidence indicating the last time the stairs were inspected or cleaned (*Hawthorne-King v New York City Hous. Auth.*, 128 AD3d 539 [1st Dept 2015]).

### C. Plaintiff's Cross-Motion

Plaintiff's cross motion for summary judgment is denied. Plaintiff has failed to eliminate triable issues of fact related to notice. Plaintiff relies on a hearsay statement from an unidentified security guard who allegedly told Plaintiff he notified maintenance about a condition on the stairs thirty minutes prior to her fall. This is the only evidence Plaintiff relies on to establish that the Defendants had notice. Although inadmissible hearsay statements may be considered in opposition to a motion for summary judgment (*Garcia v 122-130 E. 23rd Street LLC*, 220 AD3d 463 [1st Dept 2023]), it is axiomatic that a party moving for summary judgment must make a *prima facie* showing through admissible evidence (*Monshine v Olympia and York Inc.*, 223 AD2d 507 [1st Dept 1996]). Because Plaintiff relies on a hearsay statement from an unidentified witness to establish notice, her cross motion is denied.

**154809/2022   VAN HOOK, JILL vs. KOHLBERG KRAVIS ROBERTS & CO. L.P. ET AL**          **Page 3 of 4**
**Motion No. 003**

[* 3]                                                    3 of 4

Accordingly, it is hereby,

**ORDERED** that Defendants The Related Companies Inc., ERY North Tower OB Deck Member LLC, KRE HYOD Owner LLC, and HY Attractions Manager LLC motion for summary judgment dismissing Plaintiff Jill Van Hook's Complaint is granted in part and denied in part; and it is further

**ORDERED** that the Defendants' motion is granted solely to the extent that Plaintiff's Complaint as asserted against Defendants The Related Companies Inc., and ERY North Tower OB Deck Member LLC are dismissed; and it is further

**ORDERED** that Defendants' motion is otherwise denied; and it is further

**ORDERED** that Plaintiff's cross-motion for summary judgment on the issue of liability against Defendants KRE HYOD Owner LLC, and HY Attractions Manager LLC is denied; and it is further

**ORDERED** that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

|  |  |
|---|---|
| _____1/13/2025_____ | _____Mary V Rosado JSC_____ |
| **DATE** | **HON. MARY V. ROSADO, J.S.C.** |

| CHECK ONE: | [ ] CASE DISPOSED | [X] NON-FINAL DISPOSITION | |
|---|---|---|---|
| | [ ] GRANTED [ ] DENIED | [x] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

**154809/2022 VAN HOOK, JILL vs. KOHLBERG KRAVIS ROBERTS & CO. L.P. ET AL**
**Motion No. 003**

**Page 4 of 4**

4 of 4